**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MIGUEL RODRIGUEZ LUCIANO, AMARILIS OTERO HEYLIGER AND THE LEGAL CONJUGAL PARTNERSHIP COMPOSED BETWEEN THEM,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DESARROLLOS METROPOLITANOS LLC.; DEFENDANTS A, B, C, D, E, F.**<br><br>Defendants. | **CIVIL NO.**<br><br>RE: ADEA, ACT 100 AGE EMPLOYMENT DISCRIMINATION, WRONGFUL TERMINATION – UNJUSTIFIED DISMISSAL; ERISA-COBRA VIOLATION; BREACH OF EMPLOYMENT CONTRACT<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

**COME NOW**, Plaintiffs Miguel Rodríguez Luciano ("Rodriguez"), his wife Amarilis Otero Heyliger ("Otero") and the legal conjugal partnership composed between them, in the case at bar, through their undersigned attorneys and respectfully STATE, ALLEGE and PRAY:

## I. NATURE OF THE ACTION AND JURISDICTION

1. Plaintiffs Rodriguez and Otero hereby invoke this Honorable Court's federal question jurisdiction under 28 U.S.C. § 1331 for this action seeking compensatory damages, equitable and injunctive relief, costs and attorneys fees brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 *et seq.* as a result of Rodriguez' unlawful termination of employment due to his age by the named party defendant Desarrollos Metropolitanos, LLC. ("Desarrollos" or "DM").

2. Plaintiffs also invoke this Honorable Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §§1001, *et seq.* for failing to provide Rodriguez and other qualified beneficiaries with a COBRA notice that would have allowed him to continue with his employee group health plain insurance following the "qualifying event" of his termination of employment with the named party defendant herein.

3. Plaintiffs further summon this Honorable Court's pendent/supplemental jurisdiction under 28 U.S.C. § 1367 seeking redress for violations of various Puerto Rico laws, including but not limited to, Law No. 100 of June 30, 1959, 29 L.P.R.A. §§ 146 *et seq.*; Law. No. 80 of May 30, 1976, 29 L.P.R.A. §§ 185a-185l, Puerto Rico's Constitution, Article II, Sections 1, 8, 16, 20 and Article 1536 of Puerto Rico's Civil Code.

4. Plaintiffs invoke this Honorable Court's supplemental/pendent jurisdiction under 28 U.S.C. § 1367 to hear and decide those claims arising under the Commonwealth of Puerto Rico's Constitution and other Puerto Rico laws invoked herein because such claims arose from the same nucleus of operative facts giving rise to Plaintiffs' claims under federal law.

5. On March 17, 2021, Rodriguez timely filed with the Puerto Rico Department of Labor's Anti-Discrimination Unit ("ADU"), an Equal Employment Opportunity Commission ("EEOC") deferral agency, an administrative charge claiming that he was unlawfully terminated from his employment due to his age. Named as respondent in such administrative charge is the named party defendant Desarrollos.

6. The previously stated administrative employment discrimination charge was assigned numbers uadau21-056c; 16H-2021-00097C.

7. Plaintiff Rodriguez has timely filed the above captioned Complaint because more than sixty (60) days have elapsed since he filed his age employment discrimination charge with the ADU and the EEOC. 29 U.S.C. § 626(d)(1).

8. Plaintiffs Rodriguez and Otero seek redress for the damages suffered and those damages they continue to suffer as a result of Desarrollo's employment discrimination on the basis of Plaintiff Rodriguez' age.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

10. Plaintiff Rodriguez is a male citizen of the United States of America and is a resident of Carolina, Puerto Rico. Rodriguez is married to his wife Otero.

11. Plaintiff Otero is a female citizen of the United States of America and is a resident of Carolina, Puerto Rico. Otero is married to her husband Rodriguez.

12. Both Plaintiffs Rodriguez and Otero are suing on their own personal behalf and in representation of the legal conjugal partnership composed between them.

13. Rodriguez was born on June 1, 1961.

14. Rodriguez is within ADEA's protected age group at the time that his termination of employment took place.

15. On the date of Rodriguez' employment termination, he was fifty nine (59) years old.

16. At all relevant times to this Complaint, Rodriguez was an "employee" within the definition of such term as provided by ADEA, COBRA and the laws of the Commonwealth of Puerto Rico which have been invoked herein.

17. At all relevant times to this Complaint, named party Defendant DM is a corporation with the legal capacity to sue and be sued.

18. Defendant DM is authorized to do business in the Commonwealth of Puerto Rico and upon information and belief is incorporated under the laws of Commonwealth of Puerto Rico.

19. Defendant DM is considered an "employer" within the definition of such term as provided by ADEA, COBRA, and the laws of the Commonwealth of Puerto Rico that have been invoked herein. Defendant DM has more than 500 employees.

20. At the time the facts alleged in this Complaint took place, Defendant DM was Rodriguez' employer.

21. All named party defendants and their agents have received actual knowledge of Rodriguez's administrative charge claiming employment age discrimination filed before the ADU and the EEOC. All named and unnamed party defendants herein are jointly and severally liable to Plaintiffs for the unlawful employment practices claimed herein and other civil tort damages.

22. Defendants ABC are insurance companies that are the insurers of named party defendant herein. Defendants ABC Insurance Companies have insurance policies which at all times relevant hereto, were in full effect and cover the liabilities and/or unlawful employment discrimination which were committed by Defendant DM and its agents.

Plaintiffs are using the fictitious names of ABC because at this time they do not know the real names of such insurance companies. Once these names are known, Plaintiffs will move this Honorable Court for the substitution of such party defendants.

23. Defendants DEF are the fictitious names of other individuals or employers that jointly participated along with Defendant DM in other acts of employment discrimination against Plaintiff Rodriguez. Plaintiffs are using the fictitious names of DEF because at this time they do not know the real names of defendants. Once these names are known, Plaintiffs will move this Honorable Court for the substitution of party defendants.

## III. FACTUAL NARRATIVE COMMON TO ALL CLAIMS

24. On June 5, 1979, Rodriguez commenced working with Desarrollos.

25. On August 20, 2020, Rodriguez was terminated from his employment at Desarrollos.

26. Rodriguez' termination of employment was due to his age. Such employment termination was discriminatory and unjustified in violation to ADEA, and Puerto Rico Acts 100 and 80.

27. On August 20, 2020, Rodriguez occupied the job classification of "Field Clerk" (administrative personnel) in the Monterey Department under the supervision of Eng. Francisco Colón. At such time, Rodriguez was performing other job functions outside of his job classification.

28. Although Desarrollos erroneously claims that Rodriguez was laid off due to lack of work, Rodriguez' job functions were assigned and/or continued to be performed by

younger and less senior employees that occupied the same job classification of Field Clerk as Rodriguez.

29. Employees Omar Cepeda (who is approximately 47 years old); José Dávila (who is approximately 53 years old); Isaac Suarez; Alberto Gomez; Xiomara Maldonado, and other younger and less senior employees than Rodriguez continued working as Field Clerks while Rodriguez was terminated from his employment.

30. None of the other employees that occupied the same job classification of Field Clerk as Rodriguez had more seniority than him at Desarrollos at the time of his employment termination.

31. At the time of his employment termination, Rodriguez had forty one (41) years of seniority working at DM.

32. At the time of his employment termination, Rodriguez earned $14.40/hr.

33. As of the date Rodriguez ceased to be a DM employee, he earned approximately $29,952.00 per year, plus bonuses and other fringe benefits, such as health and dental insurance plans.

34. As a matter of fact, at the time of his employment termination, Rodriguez was the most senior of all DM employees.

35. There is no clear or evident difference in favor of the capacity, productivity, performance, competence, efficiency or personnel history of those younger and less senior employees that remained working over Rodriguez' proven job performance.

36. All these younger and less senior employees that remained working as Field Clerks performed their job duties within the Department of Construction Projects and they

performed the same job functions as Rodriguez. Many of these employees were even trained by Rodriguez to perform his same job functions.

37. DM did not follow seniority when it terminated Rodriguez' employment.

38. DM discriminated against Rodriguez based on his age as Desarrollos did not follow seniority when it terminated Rodriguez' employment. The stated younger and less senior employees remained working with DM and had less academic experience than Rodriguez.

39. The other younger employees than Plaintiff Rodriguez, who were also less senior than Rodriguez and occupied his same job classification, were not laid off from their employment by DM. Rodriguez was dismissed and/or laid off from his employment at DM because of his age.

40. DM also breached Rodriguez' employment contract when DM unjustly and unlawfully decided to stop paying Rodriguez' medical plan in its entirety during the month of December 2020, when DM's upper management advised Rodriguez that it would continue paying the premiums for his group health plan benefits.

41. Plaintiff Otero has suffered moral and emotional damages due to DM's discriminatory employment practices against her husband, Rodriguez.

## IV. FIRST CAUSE OF ACTION
## (ADEA: Age Discrimination)

42. Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

43. Defendants DM have willfully violated ADEA's provisions by having terminated Rodriguez from his employment on account of his age. As such, defendants are liable in compensatory damages against Plaintiff Rodriguez for their unlawful conduct.

44. Plaintiffs hereby demand and request that Rodriguez be reinstated to his former employment with DM and that they be awarded back-pay for all lost salaries and employee benefits he would have earned but for his unlawful termination of his employment due to his age, from the date of his termination up until that date Rodriguez is reinstated to his former employment.

## V. SECOND CAUSE OF ACTION
## (ERISA: Failure to Provide COBRA Notice and Breach of Contract)

45. Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

46. Defendants DM have willfully violated ERISA/COBRA's provisions by having failed to issue a written notice to Rodriguez and Otero of their right to continued health plan coverage after his termination of employment. As such, defendants are liable for all medical costs that they have incurred that would have been covered under their group health plan and for all statutory fines that are available to them as a result of Defendants failure to issue that stated notice after the qualifying event comprising Rodriguez's termination of employment.

47. Defendants failed to provide Plaintiffs with the notice requirements set forth by Section 606 of ERISA, for which they are liable to Plaintiffs in the amount of ONE-HUNDRED TEN DOLLARS ($110.00) per day from the date of the qualifying event, that

is, from the date of the unlawful termination until the date of notice of compliance with ERISA/COBRA's provisions.

48. Due to defendants' violation of ERISA – COBRA, they are liable to Plaintiffs for compensatory damages for all of Plaintiffs' health care costs that would have been covered under defendants' group health plan had defendants complied with their COBRA notification requirements to Plaintiffs.

## VI. THIRD CAUSE OF ACTION
## (Violation to Article II of Puerto Rico's Constitution)

49. Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporates them herein by reference hereto.

50. Defendants DM have violated Plaintiff Rodriguez's rights secured under Article II, Sections 1, 8, 16 of Puerto Rico's Constitution by violating his dignity, privacy, health at the work place and discriminating against him on the basis of his age.

51. Plaintiffs are entitled to compensatory damages. Plaintiffs have suffered considerable economic and personal damages as a result of Defendants' conduct. Plaintiff Rodriguez is entitled to back-pay and reinstatement to his former employment.

## VII. FOURTH CAUSE OF ACTION
## (Violation to Puerto Rico Act Nos. 100, 80)

52. Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporates them herein by reference hereto.

53. Defendants DM have violated Plaintiff Rodriguez's rights secured under Puerto Rico Acts Nos. 100 and 80. Defendants DM have discriminated against Plaintiff Rodriguez on account of his age because he was terminated while other less senior

employees, in Rodriguez's same job classification, who were also younger than him in age, were not terminated from their employment. Defendants DM have also unjustly terminated Rodriguez's employment as he was dismissed in violation of Act 80's seniority provisions and as such, Rodriguez is entitled to Act 80 compensation. Rodriguez is entitled to an Act 80 compensation totaling no less than $97,404.32

54. Plaintiffs are entitled to compensatory and economic damages. Plaintiffs have suffered considerable economic and personal damages as a result of Defendants DM's conduct. Plaintiffs are entitled to back pay for all lost salaries on account of his unlawful termination of employment. Plaintiff Rodriguez hereby also demands reinstatement to his former employment.

## VIII. FIFTH CAUSE OF ACTION
## (Violation to Puerto Rico's Civil Code, Art. 1802)

55. Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporates them herein by reference hereto.

56. Defendants DM have violated Plaintiff Otero's rights under Puerto Rico's Civil Code, Article 1802, 31 L.P.R.A. § 5141.

57. Plaintiff Otero is entitled to compensatory and economic damages as she has suffered by DM's discriminatory employment practices against her husband, Plaintiff Rodriguez. Plaintiff Otero demands and is entitled to receive an amount not less than $250,000.00.

**WHEREFORE**, all premises being considered, Plaintiffs pray that this Honorable Court enter Judgment against Defendant DM and grant Plaintiffs the following relief:

(a) An award of compensatory damages, including but not limited to back pay and prejudgment interests, of not less than TWO MILLION DOLLARS ($2,000,000.00);

(b) An award of double compensatory damages under Puerto Rico Law No. 100;

(c) An Act 80 Severance Payment totaling $97,404.32;

(d) An award of costs and reasonable attorney's fees;

(e) Injunctive relief ordering Defendant DM to reinstate Rodriguez to his former employment;

(f) Any other and further relief, which this Honorable Court may deem just, and proper; and

(g) A trial by jury.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of August 2021.

**/s/ MANUEL E. LOPEZ FERNANDEZ**
**USDC PR NO. 205507**
**Attorney for Plaintiffs**
B-12 Paseo del Prado
San Juan, PR 00926
Tel.: (787) 562-2040
email: lcdomanuel.lopez@gmail.com;

**/s/ JOSÉ G. FAGOT DÍAZ**
**USDC PR No. 204112**
**Attorney for Plaintiffs**
166 Presidente Ramirez St., Apt. No. 2
Urb. Baldrich
Hato Rey, PR 00918
Tel.: (787) 367-8702
email: jgf@fagot-law.com